**KERR v. CLARK.**

No. 12942.

Court of Civil Appeals of Texas. Dallas.

Feb. 22, 1941.

Z. E. Coombes, of Dallas, for appellant.

Gerald L. Johnson, of Dallas, for appellee.

LOONEY, Justice.

■ H. T. (Hay Theodore) Clark brought this action against C. P. Kerr to quiet and remove a cloud from the title to certain real estate in the City of Dallas. The facts, undisputed, substantially, are these—on October 2, 1936, W. F. Sheppard recovered a money judgment in the County Court at Law No. 2, Dallas County, against C. J. Clark, et als.—including H. T. (Henry Thomas) Clark. Under an execution issued on the judgment, a constable levied upon the real estate involved, belonging to H. T. (Hay Theodore) Clark, advertised and sold the same on the first Tuesday in December, 1937, as the property of H. T. (Henry Thomas) Clark, the defendant, C. P. Kerr, being the purchaser, to whom the constable executed a deed of conveyance which the defendant had recorded in the deed records of Dallas County, after which, and by virtue of said deed, claiming to be the owner of the properties, demanded of plaintiff possession, which was refused, and after ineffectual efforts to obtain from Kerr a quitclaim or release of the lands from the cloud cast upon the title, plaintiff instituted this suit to quiet title and remove the cloud. At the time of the levy and sale of the properties, plaintiff was in actual possession, through tenants who occupied and paid rents for same. After the development of these facts, the court submitted several issues, which, in our opinion, were unnecessary as the facts were undisputed; however, the court very properly rendered judgment for plaintiff, canceling the constable's deed, quieting plaintiff's title and removing the cloud therefrom, from which the defendant appealed.

The brief filed on behalf of the defendant contains a statement of the nature and result of the suit, eight assignments of error and two propositions, praying that the judgment below be reversed and that judgment be rendered in favor of the defendant. The cumulative effect of the two propositions is that the court erred in admitting in evidence a certified copy of the constable's deed, the ground of objection being that the evidence was not authorized by the pleading. No statement from the record, bearing upon these propositions, is given, and no authorities are cited.

■ Obviously, the question sought to be raised is one of variance which, in our opinion, is not well taken. Paragraph 3 of the petition correctly described the constable's deed and the volume and page where it was recorded, but in a subsequent paragraph, the petition erroneously stated that the deed was recorded in a different volume. It is obvious, we think, that the constable's deed, spread upon the deed records of Dallas County, and the claim of title asserted thereunder, constitute a cloud upon plaintiff's title, and this without regard to the particular volume in which the deed was recorded. We do not think there existed a variance, but even so, it was wholly immaterial.

■ Plaintiff, being in actual possession of the lands at the time of the levy and sale, the defendant was charged with notice of all facts a proper inquiry would have disclosed. A proper inquiry would have disclosed that, Hay Theodore Clark owned the property levied upon and that he was not the H. T. Clark against whom judgment was rendered and the execution issued (31 T.J., Sec. 6, p. 366). It is axiomatic that the purchaser, at an execution sale, acquires only such title as exists in the defendant in execution. It follows, therefore, that the defendant acquired no title whatever to the properties involved. We have given due consideration to all assignments and propositions, but the same being wholly without merit, are overruled and the judgment of the court below is affirmed.

Affirmed.